**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PETE GARCIA,

      Plaintiff-Appellant,

      v.

ANTHONY DATILLO, JAMES BRAD
JOHNSON, KEVIN CARTICA, JON
NOTH, GARY GRAINGER, FRANK
GREENBERG, RANDY WEST,
INVESTIGATOR ROBERT VETTE,
B. WILLIAMS and DOUGLAS MOORE,
individually and as Deputy Sheriffs in the
Jefferson County Sheriff's Department,

      Defendants-Appellees.

No. 96-1135
(D.C. Civil Action No. 93-N-2110)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before BRORBY, LOGAN, and BRISCOE, Circuit Judges.[**]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Pete Garcia appeals the district court's denial of his motion to file a third amended complaint in his 42 U.S C. § 1983 action. Plaintiff asserted that on March 26, 1987, Jefferson County, Colorado, Sheriff's officers beat him, arrested and imprisoned him without probable cause, and conspired to deprive him of his constitutional rights.[1]

The first amended complaint named as defendants several Jefferson County Sheriff's officers in their official and individual capacities, as well as the Jefferson County Board of Commissioners. In April 1994, plaintiff obtained leave to file a second amended complaint, deleting the Board of County Commissioners and adding the

---

[1] Officials had targeted plaintiff's brother in a drug investigation and obtained an arrest warrant for the brother and a search warrant for plaintiff's mother's home where both plaintiff and his brother were staying the night of the raid. Defendant alleged that the defendant deputies attempted to execute the warrant without an adequate plan or training. The deputies shot barking dogs at the residence, and used a "stun" or flash grenade, prompting plaintiff's brother to shoot and injure two of the deputies. The deputies then allegedly beat plaintiff before they arrested him.

Sheriff's Department as a defendant.[2] In that complaint, plaintiff alleged a conspiracy to maliciously prosecute him, malicious prosecution, and false arrest.

The individual defendants asserted defenses of absolute and/or qualified immunity which the district court rejected. Those defendants pursued an unsuccessful interlocutory appeal.[3] The magistrate judge then denied the Sheriff's Department request for a stay pending the appeal. The case proceeded, and the Sheriff's Department filed a motion for summary judgment. Plaintiff failed to timely respond, and in February 1995 stipulated to the dismissal with prejudice of the Sheriff's Department. In October 1995 plaintiff sought permission to file a third amended complaint adding the Board of County Commissioners as a defendant. The district court denied the motion. On March 25, 1996, plaintiff accepted the defendants' offer of judgment but reserved the right to appeal the denial of his motion to file a third amended complaint.

We review the denial of a motion to amend for an abuse of discretion. Lambertsen v. Utah Dep't of Corrections, 79 F.3d 1024, 1029 (10th Cir. 1996). "We are free to

---

[2] The second amended complaint included the facts that plaintiff had pleaded guilty to charges arising from the raid; after the state court refused his request to withdraw his guilty plea, he appealed to the Colorado Court of Appeals, which held that plaintiff might have received ineffective assistance of counsel in entering a guilty plea, and remanded for factual resolutions, see People v. Garcia, 815 P.2d 937 (Colo. 1991), cert. denied, 502 U.S. 1121 (1992); on remand, the state district court granted plaintiff's request to withdraw his guilty plea; and then the state moved to dismiss all charges.

[3] A panel of this court upheld the district court's finding that the individual plaintiffs were not entitled to qualified or absolute immunity. Garcia v. Johnson, No. 94-1360, 1995 WL 492879 (10th Cir. Aug. 18, 1995). That opinion contains a full recitation of the facts; we do not restate them here because they are not dispositive of this appeal.

affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

We first note that the motion to amend was filed more than one year following the October 1, 1994 deadline the district court set for joinder of parties and amended pleadings.[4] A district court does not abuse its discretion in denying leave to amend when the plaintiff did not comply with the Fed. R. Civ. P. 16(b) scheduling order. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

Further, the district court denied leave to file the third amended complaint for sound reasons. Plaintiff alleged that Major Anthony Datillo of the Sheriff's Department was the final policy maker for the Board of County Commissioners. In Colorado, however, the county commissioners and county sheriffs are separate entities. See Wigger v. McKee, 809 P.2d 999, 1003-04 (Colo. App. 1990). Plaintiff did not allege that Jefferson County Commissioners were responsible for policy making for the Sheriff's Department. Although the county, through its commissioners, might ultimately have the authority to pay a judgment against the Sheriff's Department, that does not establish that a sheriff's officer is a policy maker of the Board of County Commissioners. See Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 & n.12 (1986).

---

[4] Although plaintiff points out that the district court made several scheduling orders after this, plaintiff does not argue that the district court extended the deadline to join parties nor has our review of the record revealed any order doing so.

AFFIRMED.  We deny plaintiff's motion to take judicial notice that the Drug

Enforcement Agency was not involved in the raid that was the basis for plaintiff's suit.

<div style="margin-left: 50%;">

Entered for the Court

James K. Logan
Circuit Judge

</div>